**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0452n.06

Case No. 19-4060

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JEFFREY D. MANN; JOHN T. BRAGG; ERIC PASTRANO, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION; MONA C. PARKS; GARY C. MOHR; DAVID HANNAH; JANICE DOUGLAS, Doctor; ANDREW D. EDDY, Doctor; ANNETTE CHAMBERS-SMITH; GRAFTON CORRECTIONAL INSTITUTE HEALTH CARE ADMINISTRATOR, | ) ) ) ) ) ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| Defendants-Appellees. | ) | |

BEFORE: BOGGS, SUTTON, and WHITE, Circuit Judges.

PER CURIAM. Some Ohio prisoners suffer from Hepatitis C, a slow-moving infection that can cause serious harm in some people. Ohio monitors all infected prisoners and provides at least some prisoners state-of-the-art medication when a particular test indicates the disease has reached a certain stage. Three Ohio prisoners with Hepatitis C, each denied this medication when they asked for it, filed this putative class action under the Eighth (and Fourteenth) Amendment, challenging Ohio's policy for allocating the medication. They sought damages and an injunction

compelling the defendants to provide the medication. The district court rejected their claims as a matter of law on the ground that no Eighth Amendment violation occurred.

After the three plaintiffs appealed that judgment, a few things happened. One: each of the named plaintiffs received at least some of the medication they asked for. That means their request for an injunction may be moot; we have no authority to compel the defendants to do something they have already done. *See Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 714 (6th Cir. 2011). Two: the defendants have raised qualified immunity as a defense to the plaintiffs' request for money damages. Because they did not raise the issue until now, the district court did not have an opportunity to consider the second prong of the defense: whether the defendants violated "clearly established law." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015). Three: the Ohio Department of Rehabilitation and Correction has modified its protocols for treating Hepatitis C. According to representations from counsel at oral argument, a much larger group of inmates has become eligible for immediate medication.

In this evolving setting, we think it best to allow the district court to address these issues in the first instance: to determine whether the plaintiffs' request for injunctive relief is moot, to determine whether qualified immunity bars their money-damages claims, and to determine whether the new prison policy otherwise alters the landscape of this litigation. In the event some or all of the parties remain dissatisfied with the district court's rulings on remand, we stand ready to entertain a second appeal. *See* 6th Cir. I.O.P. 34(b)(2).